ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARIBETH MCCARTY, as heir-at-law** ) | |
| **and as Administrator of the Estate of** ) | |
| **LEON WAYNE MCCARTY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 08-4006-JAR |
| ) | |
| **STEVEN BAILEY, M.D.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Maribeth McCarty filed this survival action on January 7, 2008, alleging a claim of wrongful death against defendant Steven Bailey, M.D. (Doc. 1). This matter is before the Court on defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9). For the reasons explained in detail below, defendant's motion is denied.

**I.    Background**

Plaintiff's Complaint alleges the following facts material to this motion:

> 9.  That on or about February 24, 2006, the Defendant performed a surgery upon Mr. McCarty to repair an abdominal aortic aneurysm. After the surgical procedure, Mr. McCarty's condition deteriorated throughout the night requiring the Defendant to re-operate on Mr. McCarty.
>
> 10.  That during said operation, it was discovered that Mr. McCarty had been bleeding internally.
>
> 11.  That Mr. McCarty never did fully recover from the operation and ultimately died of complications from the surgery on August 8, 2006.

>       12.  That the care rendered by the Defendant, Steven Bailey, M.D.,
> failed to comply with the standard of care in that the Defendant
> failed to recognize and treat a coagulapthy condition that
> developed in Mr. McCarty after the surgery to timely re-operate on
> Mr. McCarty, failed to treat volume overload experienced by Mr.
> McCarty, and failed to evaluate and treat pancreatitis.

Plaintiff alleges that defendant's negligence was the direct and proximate cause of Mr. McCarty's injuries and resulting death.

On January 15, 2008, plaintiff's counsel was notified that Fed Ex had delivered the Complaint and summons to a residential address for defendant in Kingman, Arizona. The notice states that there was a signature release on file.[1] On February 28, 2008, a private process server attempted to serve defendant at Tri-State Surgical Associates, located in Bullhead City, Arizona. The stated reason for non-service is that "Dr. Bailey has not worked here since November 2007. He may have moved to Colorado but no one in the office knows for sure."[2] On March 4, 2008, a private process server attempted to serve defendant at the same address in Kingman, Arizona to which plaintiff had mailed the Complaint and summons in January.  The reason given by the process server for non-service is "Justine Davis has rented this home from Steven Bailey for the past two months.  She states that Dr. Bailey moved to Colorado and is living at the following address: [] McCarthy Blvd., Pueblo, Colorado 81005."[3]

Eventually, plaintiff located an address for Dr. Bailey at a hospital in Pueblo, Colorado. On April 9, 2008, ninety-three days after the Complaint was filed, defendant was personally

---

[1] (Doc. 4.)

[2] (Doc. 5.)

[3] (Doc. 6.)

served with the summons and Complaint.[4]

## II. Standard

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff.[5] A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.[6] "In other words, plaintiff must allege sufficient facts to state a claim that is plausible—rather than merely conceivable—on its face."[7] The court makes all reasonable inferences in favor of plaintiff.[8] The court need not accept as true those allegations that state only legal conclusions.[9] Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved.[10]

Under Fed. R. Civ. P. 12(b), if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of

---

[4] (Doc. 7.)

[5] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[6] *Allen v. Kline*, 507 F. Supp. 2d 1150, 1155 (D. Kan. 2007) (citing *Bell Atl. Corp. v. Twombly*, — U.S.—, 127 S. Ct. 1955, 1964-65 (2007)).

[7] *Id*. (quoting *Twombly*, 127 S. Ct. at 1974).

[8] *See Zinermon*, 494 U.S. at 118; *see also* Fed. R. Civ. P. 8(a).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id*. at 1110.

as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Considering matters outside the pleadings on a motion to dismiss without converting it to a motion for summary judgment may be grounds for reversal unless dismissal would be justified anyway based on the complaint alone.[11] In this instance, the Court need not consider the matters outside the pleadings presented by plaintiff in response to the motion to dismiss in order to deny defendant's motion. The Court points out, however, that certain exhibits attached to plaintiff's response are not "matters outside the pleadings," as they are part of the record in this case and the Court takes judicial notice of these documents.[12] All other matters attached to plaintiff's response, however, are not considered by the Court in denying the motion to dismiss.

## III.    Analysis

Defendant seeks dismissal of this case because he contends that the allegations in the Complaint make clear that the statute of limitations on plaintiff's claim has expired. Because this Court's jurisdiction is based on diversity of the parties and the underlying claim is based on state law, state law controls the statute of limitations and "when an action is commenced for statute of limitations purposes."[13] Statute of limitations questions may be resolved on a motion to dismiss, and "when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the

---

[11]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[12]*See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (citing *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503–04 (10th Cir. 1997) (citing Fed. R. Evid. 201)); *Continental Coal, Inc. v. Cunningham*, 511 F. Supp. 2d 1065, 1070 (D. Kan. 2007).

[13]*Burnham v. Humphrey Hospitality Reit Trust, Inc*., 403 F.3d 709, 712 -13 (10th Cir. 2005); *see also West v. Conrail*, 481 U.S. 35, 39 n.4 (1987).

statute."[14]  The parties agree that Kansas's two-year statute of limitations applies to this wrongful death claim based on medical malpractice.[15]

Because plaintiff's cause of action is based on medical malpractice against Mr. McCarty's health care provider, K.S.A. § 60-513(c) applies:

> A cause of action arising out of the rendering of or the failure to render professional services by a health care provider shall be deemed to have accrued at the time of the occurrence of the act giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action.

"Reasonably ascertainable" under this statute does not require actual knowledge,[16] but "suggests an objective standard based upon an examination of the surrounding circumstances."[17]  The triggering event for statute of limitations purposes is "objective knowledge of the injury, not the extent of the injury."[18]

As the Tenth Circuit recently explained after surveying the Kansas caselaw,

> In short, when the injury is a result of a medical procedure, the injury is reasonably ascertainable either when the plaintiff has reason to know the injury is permanent or when the plaintiff has reason to suspect negligence.
>
> Furthermore, when the plaintiff has reason to know the injury is permanent, the cause of action accrues even if the plaintiff

---

[14]*Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

[15]*See* K.S.A. § 60-513(a)(5), (7).

[16]*Davidson v. Denning*, 914 P.2d 936, 948 (Kan. 1996).

[17]*P.W.P. v. L.S. & Johnson County Mental Heath Ctr.*, 969 P.2d 896, 902 (Kan. 1998).

[18]*Id.*

> does not know that a negligent act caused the injury.  In applying the same statute of limitations to a wrongful death action, the Kansas Supreme Court explained why knowledge of negligence is not required: "The phrase 'reasonably ascertainable' [in Kan. Stat. Ann. § 60-513(c) ] means that a plaintiff has the obligation to reasonably investigate available sources that contain the facts of the death and its wrongful causation." Unless "information from which the fact of death or negligence can be determined was either concealed, altered, falsified, inaccurate, or misrepresented," the plaintiff "is charged with constructive knowledge of information that is available through a reasonable investigation." In other words, once the injury is reasonably ascertainable, the plaintiff has a duty to investigate whether negligence caused the injury.[19]

Defendant maintains that, according to the Complaint, the cause of action accrued on the day of Mr. McCarty's surgery, February 24, 2006.  Plaintiff argues that the claim did not accrue until Mr. McCarty's death on August 8, 2006, or alternatively, that it is not apparent from the face of the Complaint when Mr. McCarty's injury became readily ascertainable.

The Court is unable to find that the Complaint makes clear that the accrual date in this case is February 24, 2006.  The Complaint merely alleges that the surgery occurred that day and that there was a re-operation on an unspecified date.  While the Complaint alleges that during this second operation it was discovered that Mr. McCarty was bleeding internally, there is no allegation about what information the McCartys learned and when.  Contrary to defendant's assertion, the operative date is not necessarily the date that the negligence occurred, but instead when the injury became readily ascertainable.  It is impossible for the Court to determine, based on the bare allegations in the Complaint, whether the injury became reasonably ascertainable on February 24, 2006 or some later date, and thus, when a duty arose to investigate whether

---

[19]*Berndt v. Kramer*, 249 F. App'x 45, 49–50 (10th Cir. 2007) (quoting *Davidson*, 914 P.2d at 947–48) (citations omitted).

negligence caused the injury.

It is beyond dispute that the operative commencement date for this action is April 9, 2008.[20] This is because, under Kansas law, an action is considered commenced on the date of service if service is effected more than ninety days after the filing of the Complaint.[21] As such, if it is determined that the claim accrued on February 24, 2006, it would certainly be barred by the statute of limitations unless plaintiff can show that the period should be tolled. But the Court is unable to make a finding on when this claim accrued based solely on the allegations in the Complaint construed in the light most favorable to plaintiff. Accordingly, defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) is **denied.**

**IT IS SO ORDERED**.

Dated this 12th day of June 2008.

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[20] K.S.A. § 60-203(a).

[21] *Id.*