lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARIBETH MCCARTY, as heir and administrator of the estate of LEON WAYNE MCCARTY, )<br><br>Plaintiff, )<br><br>vs. )<br><br>STEVEN BAILEY, M.D., )<br><br>Defendant. ) | Case No. 08-4006-JAR |

**MEMORANDUM AND ORDER**

Plaintiff Maribeth McCarty brings this diversity action alleging defendant Steven Bailey, M.D. committed acts of medical negligence when he performed a surgical procedure on her husband on February 24, 2006. This matter is before the Court on defendant's Motion for Summary Judgment (Doc. 31). For the reasons explained in detail below, defendant's motion is granted.[1]

---

[1] On June 12, 2008, this Court denied defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 19), which also raised the statute of limitations issue. Plaintiff's former counsel argued that the claim did not accrue until Mr. McCarty's death on August 8, 2006 or alternatively, that it is not apparent from the face of the Complaint when Mr. McCarty's injury became readily ascertainable. In denying defendant's motion, the Court found that the commencement date for the action is April 9, 2008, and as such, if it is determined that the claim accrued on February 24, 2006, it would be barred by the statute of limitations unless plaintiff can show that the period should be tolled. The Court was unable to make such a finding, however, based solely on the allegations in the Complaint construed in the light most favorable to plaintiff. Plaintiff's counsel withdrew from the case on October 1, 2008 (Doc. 28). Defendant subsequently filed the instant Motion for Summary Judgment and current counsel for plaintiff admits the claim accrual date was February 25, 2006, and does not make any claim that the statute of limitations should be tolled.

**I.      Standard**

Summary judgment is appropriate if the moving party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law."[2] A fact is only material under this standard if a dispute over it would affect the outcome of the suit.[3] An issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving party."[4] The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[5]

The moving party bears the initial burden of providing the Court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact.[6] "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[7] The burden may be met by showing that there is no evidence to support the nonmoving party's case.[8] If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9] When examining the underlying facts of the case, the Court is cognizant that all inferences must be viewed in the light

---

[2] Fed. R. Civ. P. 56(c).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Id.*

[5] *Id.* at 251–52.

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[8] *Id.*

[9] *Id.*

most favorable to the nonmoving party and that it may not make credibility determinations or weigh the evidence.[10]

## II. Uncontroverted Facts

Plaintiff Maribeth McCarty is a resident of Hays, Kansas. Plaintiff brings this action in her capacity as the administrator of the estate of Leon McCarty, as well as her capacity as the legal heir of Leon McCarty. Defendant Steven Bailey is a resident of Pueblo, Colorado, and has resided there since December 2007.

On February 24, 2006, Leon McCarty, plaintiff's husband saw defendant, who evaluated him and recommended surgery for an abdominal aortic aneurism. That day, Mr. McCarty was admitted to the hospital in Hays, Kansas for the repair of his aneurism and defendant performed the procedure on that date. The morning of February 25, 2006, plaintiff learned that Mr. McCarty had developed internal bleeding during the night and that his condition quickly deteriorated and continued to deteriorate throughout the day. As a result of this complication, a second operation was required on February 25, 2006, to stop the bleeding. Mr. McCarty's condition continued to rapidly deteriorate, which required his transport by helicopter to a Wichita, Kansas hospital for further treatment. By February 26, 2006, Mr. McCarty exhibited signs of multi-system organ failure.

As of February 26, 2006, plaintiff knew her husband's condition was critical, and he remained in critical condition for some time. As of that date, plaintiff attributed her husband's condition to the actions of defendant. Mr. McCarty died on August 8, 2006. Plaintiff attributed her husband's death to the conduct of defendant.

---

[10]*See Scott v. Harris*, ___U.S.___, 127 S. Ct. 1769, 1774–75 (2007); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Plaintiff filed this action on January 7, 2008, alleging the medical negligence of defendant in his treatment of Leon McCarty on February 24-25, 2006, and that this conduct caused the death of Mr. McCarty. On April 9, 2008, defendant was served with process at his office in Colorado. Service of process occurred on the ninety-third day following commencement of this action. No request for extension of time to achieve service were filed.

### III. Discussion

Under Kansas law, wrongful death and medical negligence actions must be brought within two years of the "occurrence giving rise to the cause of action, unless the fact of injury is not reasonably ascertainable. . . ."[11] In her response to defendant's motion for summary judgment, plaintiff admits that she ascertained that her husband had sustained a substantial injury on February 25, 2006, and that she was of the belief that her husband's injury, and the subsequent deterioration in his physical condition, was apparent to her on that date. Thus, plaintiff admits, the two-year statute of limitations applicable to this case would be February 25, 2008.

Plaintiff filed this action on January 7, 2008, and a summons was issued on that same date. After numerous attempts to serve defendant, plaintiff secured service on defendant on April 9, 2008. No extension of time to serve was requested. State law determines when the action commenced for purposes of applying the statute of limitations.[12] In Kansas, the commencement of actions is governed by K.S.A. § 60-203, which provides that a civil action is commenced at the time of:

---

[11] K.S.A. § 60-513(c).

[12] *Elliott v. White, O'Connor & Werner, P.A.*, 750 F. Supp. 451, 453 (D. Kan. 1990).

> (1) Filing a petition with the clerk of the court, if service of process is obtained . . . within 90 days after the petition is filed, except that the court may extend the time an additional 30 days upon a showing of good cause by the plaintiff; (2) service of process or first publication, if service of process . . . is not made within the time specified by provision (1).[13]

In her response to defendant's motion for summary judgment, plaintiff admits that defendant was not served within two years of February 25, 2006, the date that she learned of the injury to her husband. Plaintiff further admits that any application for an extension of time to achieve service must have been filed by April 5, 2008, and that no such motion was filed. In this case, plaintiff did not effect service until April 9, 2008, ninety-three days after the action was filed, and the action must be deemed commenced on the date of service. Accordingly, plaintiff's failure to bring this action within the time permitted by Kansas law bars recovery as a matter of law. Defendant's motion for summary judgment is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Summary Judgment (Doc. 31) is GRANTED, and the case is hereby dismissed.

**IT IS SO ORDERED.**

Dated:  January 27, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[13]K.S.A. § 60-203(a).